STERNFELD *et al. v.* WESTERN INS. CO.

(*Supreme Court, General Term, First Department.* November 23, 1888.)

INSURANCE—ACTIONS ON POLICIES—NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.

In an action on an insurance policy on a stock of goods the jury returned a ver-- dict for the full amount of the policy. One of the items forming the basis of the cal- culation of the value of the goods, as stated in the proofs of loss, was the amount of goods returned by the insured to a certain person. No evidence was given on the trial, except a general statement. After the trial the invoice of the goods was. discovered, in which the prices were stated to be about one-half less than in the proofs of loss. The same invoice was offered in evidence in an action on another policy on the same goods, and the jury found the value of the goods lost to be less than three-fifths of the amount stated in the proofs. *Held,* that a new trial should. have been granted for newly-discovered evidence.

Appeal from circuit court, New York county.

Action by Adolph Sternfeld and others against the Western Insurance Com- pany on a fire insurance policy. From a judgment entered on a verdict of the jury, and from an order denying a motion for new trial made upon the minutes, and an order denying a motion for new trial made upon the ground. of newly-discovered evidence, defendant appeals.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*O. E. Bright,* for appellant. *W. W. Niles,* for respondents.

DANIELS, J. The policy on which the verdict and judgment have been re- covered, was issued upon the same property as the policy was in the case of the *Park Fire Ins. Co., ante,* 766; and it amounted to the sum of $1,000. The trial resulted in a verdict for the amount of the policy, together with the interest upon it. The statements which were made in the proofs of loss, and the evidence given by the witnesses upon the controlling facts of the case,. were similar to that given in the action by the same plaintiffs against the Park Fire Insurance Company; but upon the trial of this action the account of goods, amounting to the sum of $15,000, which had been delivered by De Vulder, the insured, to Joseph Andrade & Co. and Lewisohn Bros., was not produced or proved, but it was discovered and obtained by the defendant after the trial of this action. And it was on the fact of that discovery and the effect that the account itself might have upon the minds of the jury, in considering the other evidence, that the motion for the new trial, on the ground of newly- discovered evidence, was made. It appeared by the affidavits that William J. Swan had made an ineffectual effort before the trial of this action to discover the character and amount of the goods which had been returned by De Vulder to Andrade & Co., and that this account or invoice of the goods had not then been obtained; that on the 1st of March after the trial this affiant ascer-' tained that a list of the property returned to Andrade & Co. was in the pos- session of Field, Chapman & Lenner, auctioneers, and it was obtained from them, and proved upon the trial of the action upon another policy brought by the same plaintiffs against the Park Fire Insurance Company. There seems. to have been no want of diligence on the part of the company in endeavoring to discover and obtain this account, and the application was made for a new trial with reasonable diligence after it was obtained. The statements of this. affiant and of Frederic N. Hall are also to the effect that goods are stated in this invoice and account of similar descriptions and quantities, at prices about one-half less than the prices mentioned in the inventory of De Vulder, sworn to have been taken in October, 1884. Several instances of these differences,.

greater or less in amount, are given by the affiant Hall, and they have not been denied or in any manner explained in the affidavits used to oppose the motion. It has been stated, by way of opposing the motion, that the account or invoice obtained in this manner was not identified as the account of the same goods delivered by De Vulder to Andrade & Co. and Lewisohn Bros. But the affidavit of Swan shows this to be a misapprehension; for it is stated in the affidavit that it was exhibited on the trial of the *Park Insurance Company Case* to C. De Vulder, who identified it as being in the handwriting of Godfrey Angel, a clerk of De Vulder, and who testified that it was the list or statement or invoice made by and for De Vulder, of the goods returned to Andrade & Co., and setting forth the prices at which the merchandise had been returned to them. And that was sufficient for the purposes of the motion to establish the identity as well as the accuracy of the invoice. Besides that, it appeared that upon the trial in which the invoice was introduced and used as evidence the jury had discredited the testimony and proofs of loss of De Vulder, and found it to be less than three-fifths of the amount stated by him; and it is not unreasonable to suppose that if another jury had the same evidence before it as the jury had in the *Case of the Park Insurance Company*, the verdict would certainly have been no more than in that case, in any event, and, following the inference arising out of the great difference between the actual and the asserted loss, would find a verdict for the defendant. The newly-discovered evidence might very well, according to the result reached in the *Case of the Park Insurance Company*, defeat the plaintiff's claim upon this policy. The only evidence given upon the trial of this action as to the goods returned to Andrade & Co. was a general statement in the books of De Vulder, and in the course of the evidence, that this amount of goods had been returned. No items or prices were disclosed by which any comparison could be made with the inventory of October, 1884, upon which the right of the plaintiffs to maintain the action was in a great degree made to depend. Such a comparison could only be made by the production of the invoice or account itself; and, as the facts were disclosed by the affidavits, a case was made upon which the defendant was entitled to an order setting aside the verdict, and directing a new trial to afford the opportunity to the company of introducing this evidence upon the trial of this action. The judgment and verdict should be set aside, and the order denying a new trial on the ground of newly-discovered evidence should be reversed, and a new trial ordered, with $10 costs, and also disbursements to the defendant on the appeal from that order, and on the payment by the defendant of the costs and disbursements of the trial within 20 days after notice of their adjustment by the clerk. In case of the failure to make such payment, then the order as well as the judgment, which otherwise seems to have been regular, should be affirmed, with costs to the respondents.

VAN BRUNT, P. J., and BRADY, J., concur.